peculiar to the Federal Court, that a stockholder in a derivative suit may not complain of transactions taking place prior to his acquisition of stock (fol. 584). In that case, proof of continuous stock ownership by the plaintiffs prior to June 1930 is doubtful and prior to this date many of the more important transactions complained of herein took place (fol. 584). Said defendants have also challenged the entire basis of the Bachrach suit by urging the insufficiency of the demand made upon the corporation to sue and its refusal to bring action, and by attacking the jurisdiction of the Federal court (fols. 583-5). "The situation in the Federal Court suit provides every justification for the continued prosecution of an entirely independent suit in the courts of this state."

\* \* \* \* \* \*

"Furthermore, owing to the condition of the Federal Court calendar and the fact that this action (Weiss action) is more comprehensive, both as regards claims asserted and parties defendant (fols. 583-6), than the Bachrach suit, and owing to the weaknesses in the latter action already commented upon, it is the present intention of counsel to the plaintiffs in these actions first to try the instant suit, either singly or, if leave be granted, jointly with the Corporation's action. A determination of this suit upon the merits would be res adjudicata of the Federal Court action. As has been stated, a trial of this action is best calculated to conclude the issues raised in all of these litigations."

It seems, therefore, dependent upon the ultimate outcome of the trial of the two state court actions, that this action may never be brought to trial.

It is a reasonable interpretation of Rule 26(a) that its purpose is to authorize the taking of a deposition in an action pending in this Court either to make discovery in preparation for, or to be used as evidence upon the trial of, such action.

Since no application was made to take the testimony of the defendants Chase and witness Rovensky until service of notice dated December 27, 1939, it is a reasonable assumption that such examinations are sought primarily for use in said state court actions. This does not appear to me to be within the letter or the spirit of the new Federal Rules of Civil Procedure.

The application before Judge Bondy under Rule 30(d) (and also before

Judge Leibell) related to examinations already under way. This application must be regarded as made under the provisions of subdivision (b) of Rule 30, and certainly involves an issue not presented to either Judge Bondy or Judge Leibell.

The motion will be granted in the alternative and the taking of the depositions of the defendants Chase and witness Rovensky will be deferred until after the conclusion of the trial in the state court unless this action now number 9 on the reserve calendar is to proceed to trial in the meantime. Settle order on two days' notice.

## Ex parte HALL.

District Court, N. D. California, S. D. Jan. 13, 1940.

H. Karl Hall, in pro. per.

DENMAN, Circuit Judge.

H. Karl Hall claiming to be imprisoned in the United States Penitentiary, Alcatraz Island, California, in the custody of James A. Johnston, Warden of said penitentiary, applies to me, as a judge, for an order permitting him to proceed in forma pauperis in a habeas corpus proceeding he proposes to initiate. The application erroneously entitles the matter in the United States Circuit Court of Appeals.

 The Act of Congress [1] providing for the institution of the proceeding to sue in forma pauperis to avoid the fees in a contemplated suit by the pauper requires the application so to sue to be filed in the *district court*. It also requires that the order allowing him so to proceed must be made by the *court*. It is not an order which can be made by a judge apart from a court proceeding.

It is urged that because the filing of the application is the institution of a proceeding leading to a final order granting or denying it, a matter which may be of the greatest importance to the pauper in the protection of his rights, and because there is a statute (28 U.S.C.A. § 549) applying generally to the institution of all civil proceedings which requires a fee of $5 to be prepaid the clerk before the filing, § 832 of 28 U.S.C.A. should be construed to permit a judge to entertain the application without filing.

There is no merit in the contention. The specific provision for a pauper in § 832 prevails over the general provisions of § 549. It is irrational to suppose Congress intended the mockery of appearing to give the pauper the remedy of § 832 and then requiring him, without funds, to pay $5.00 to procure the relief.

Since, as a United States Circuit Judge, I have no jurisdiction of the matter, the application is dismissed.

## In re LIEBERMAN.
## In re SEITEL.

District Court, S. D. New York.
Jan. 15, 1940.

---

[1] "Any citizen of the United States entitled to commence any suit or action, civil or criminal, in any court of the United States, may, upon the *order of the court*, commence and prosecute or defend to conclusion any suit or action, * * * or an appeal to the circuit court of appeals, or to the Supreme Court in such suit or action, including all appellate proceedings, unless the trial court shall certify in writing that in the opinion of the court such appeal * * * is not taken in good faith, without being required to prepay fees or costs or for the printing of the record in the appellate court or give security therefor, *before* or after bringing suit or action, or upon * * * appealing, upon *filing in said court* a statement under oath in writing, that because of his poverty he is unable to pay the costs of said suit or action * * * or appeal, or to give security for the same, and that he believes that he is entitled to the redress he seeks in such suit or action * * * or appeal, and setting forth briefly the nature of his alleged cause of action, or appeal. In any criminal case the court may, upon the filing in said court of the affidavit hereinbefore mentioned, direct that the expense of printing the record on appeal * * * be paid by the United States, and the same shall be paid when authorized by the Attorney General." 28 U.S.C.A. § 832. Acts of July 20, 1892, c. 209, § 1, 27 Stat. 252; June 25, 1910, c. 435, 36 Stat. 866; June 27, 1922, c. 246, 42 Stat. 666; Jan. 31, 1928, c. 14, § 1, 45 Stat. 54. (Emphasis supplied.)